UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) |
| MICHAEL D. SCOTT d/b/a<br>SOUTHEAST PROPERTIES,<br><br>        Debtor. | ) CHAPTER 7<br>) CASE NO. 09-13820-WCH |

### CHAPTER 7 TRUSTEE'S LIMITED OBJECTION TO MOTION FOR WITHDRAWAL

Warren E. Agin, the duly-appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Michael D. Scott d/b/a Southeast Properties (the "Debtor"), hereby registers his Limited Objection to Apolo J. Catala's ("Catala") Motion for Withdrawal.

In support of his Limited Objection the Trustee states as follows:

1. On April 30, 2009, the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code (the "Petition Date").

2. On May 1, 2009, the Trustee was appointed as the Chapter 7 Trustee of the bankruptcy estate of the Debtor.

3. During the session of the Section 341 meeting that was held on June 26, 2009, the Debtor testified that his paper and electronic financial records were located at his offices located at 121 East Berkley Street, Boston, Massachusetts (the "Debtor's Office").

4. On September 14, 2009, the Trustee, through his counsel, sent an e-mail to the Debtor through his counsel, Apolo J. Catala ("Catala"), requesting access to the Debtor's Office to retrieve the Debtor's financial and business records.

5. On September 28, 2009, Attorney Catala sent a letter on behalf of the Debtor in response the Trustee's request. Attorney Catala's letter stated that the Debtor would not turnover his

financial records to the Trustee on the grounds that they are protected from disclosure pursuant to the Debtor's Fifth Amendment privilege against self-incrimination.

6. Following the receipt of Attorney Catala's September 28, 2009 letter the Trustee had further discussions with Attorney Catala requesting access to and the turnover of the Debtor's business and financial records.

7. As a result of these discussions the Debtor agreed to give the Trustee access to the Debtor's Office to retrieve the Debtor's business and financial records.

8. On January 21, 2010, the Trustee and representatives from Verdolino & Lowey, the Trustee's accountants, went to the Debtor's Office to retrieve the Debtor's records.

9. The Trustee discovered two locked boxes in Debtor's Office that contained documents that the Debtor had designated for shredding by a commercial shredding company. The Trustee also discovered that the Debtor had a personal laptop computer containing files and other electronic records.

10. The Trustee requested that the Debtor turnover the documents designated for shredding and the Debtor's laptop computer.

11. In response to the Trustee's request, Attorney Catala requested time to conduct a privilege review of the documents designated for shredding and the files on the Debtor's the laptop computer before turning them over to the Trustee.

12. The Trustee agreed to Attorney Catala's request to conduct a privilege review.

13. To date the Trustee has not received any of the Debtor's documents designated for shredding or the files on the Debtor's laptop computer.

14. Prior to filing this limited opposition the counsel to the Trustee contacted Attorney Catala to discuss the status of his privilege review. Attorney Catala told Trustee's counsel that the

documents that were designated for shredding were still in his possession but he had not reviewed them. As for the files on the laptop computer, Attorney Catala stated that he had not reviewed the files as the laptop was in the Debtor's possession.

15. The Trustee believes that documents that were designated for shredding and the files on the Debtor's laptop computer contain important information relating to the Debtor's business and financial affairs.

16. If Attorney Catala is allowed to withdraw as counsel for the Debtor before these documents are reviewed and turned over to the Trustee there is a strong possibility that the Trustee may never recover these documents from the Debtor.

17. Accordingly, the Trustee request that the Court enter an denying the Motion for Withdrawal without prejudice to Catala filing a new motion for withdrawal after he turns over to the Trustee all non-privileged documents from the documents designated for shredding and from the Debtor's laptop along with a privilege log identifying any documents withheld from turnover based on the attorney/client privilege.

WHEREFORE, the Trustee requests that the Court issue an Order:

    a.    denying the Motion for Withdrawal without prejudice;

    b.    granting such other relief that is deemed just and equitable.

Respectfully submitted,

WARREN E. AGIN, CHAPTER 7 TRUSTEE OF THE ESTATE OF MICHAEL D. SCOTT d/b/a SOUTHEAST PROPERTIES,

/s/ Ryan M. MacDonald
Mark G. DeGiacomo, Esq. BBO #118170
Ryan M. MacDonald, Esq. BBO # 6546688
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile

Dated: March 15, 2010    rmacdonald@murthalaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL D. SCOTT d/b/a | ) | CHAPTER 7 |
| SOUTHEAST PROPERTIES, | ) | CASE NO. 09-13820-WCH |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

I, Ryan M. MacDonald, hereby certify that on the 15th day of March, 2010, I served a copy of the *Chapter 7 Trustee's Limited Objection to Motion for Withdrawal*, via first-class mail, postage prepaid or by electronic mail upon the parties listed on the attached Service List.

                                                    /s/ Ryan M. MacDonald
                                                    Ryan M. MacDonald

| | | |
|---|---|---|
| John Fitzgerald, AUST*<br>U.S. Trustee's Office<br>10 Causeway Street, Room 1184<br>Boston, MA 02222 | Michael D. Scott<br>40 Old Stable Dr.<br>Mansfield, MA 02048 | Apolo J. Catala, Esq.*<br>Catala & Associates, P.C.<br>60 State Street, Suite 700<br>Boston, MA 02109 |
| Meegan Casey, Esq.*<br>Riemer & Braunstein LLP<br>Three Center Plaza<br>Boston, MA 02108-2003 | Jason Giguere, Esq.*<br>A.Rebecca Murray, Esq.*<br>Harmon Law Offices, P.C.<br>P.O. Box 610345<br>Newton Highlands, MA 02464 | Erik Shaughnessy, Esq.*<br>Laura White Brandow*<br>Marcus, Errico, Emmer & Brooks<br>45 Braintree Hill Office Park, #107<br>Braintree, MA 02184 |
| Shawn Masterson, Esq.*<br>Shechtman Halperin Savage<br>1080 Main Street<br>Pawtucket, RI 02860 | Martin A. Mooney, Esq.*<br>Deily, Mooney & Glastetter<br>8 Thurlow Terrace<br>Albany, NY 12203-1006 | A. Rebecca Murray, Esq.*<br>Harmon Law Offices<br>POB 610345<br>Newton Highlands, MA 02461 |
| Thomas C. Tretter, Esq.*<br>Ablitt Law Offices, P.C.<br>304 Cambridge Road<br>Woburn, MA 01801 | Litton Loan Servicing, LP<br>P. O. Box 829009<br>Dallas, Texas 75382-9009 | GE Money Bank<br>c/o Recovery Management Systems<br>Attn: Ramesh Singh<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355 0701 | Laura White Brandow *<br>Marcus Errico Emmer & Brooks<br>45 Braintree Hill Park<br>Suite 107<br>Braintree, MA 02184 | Mitchell J. Levine*<br>Nair & Levin, P.C.<br>707 Bloomfield Avenue<br>Bloomfield, CT 06002 |

***served by electronic transmission***